**THE COUNTERS FIRM, P.C.**
Representation you can count on.

Lisa Counters, 016436
16421 N. Tatum Blvd., Ste. 207
Phoenix, AZ  85028
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jade Noyce,<br><br>                    Plaintiff,<br>vs.<br><br>Sedgwick Claims Management Services, Inc., a foreign corporation; 3M Disability and Workers Compensation Programs,<br><br>                    Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Jade Noyce ("Noyce") alleges as follows:

**JURISDICTION AND VENUE**

1. Noyce is a resident of Pima County, Arizona.

2. 3M ("3M") is a Minnesota corporation, with operations all over the world, including operations in Arizona.

3. Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is a foreign corporation, engaged in business in the State of Arizona.  Sedgwick resides and is found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

4. Defendant 3M Disability and Workers Compensation Programs ("Plan") is a purported ERISA benefit plan established and maintained by 3M for the benefit of its

employees. The Plan includes short-term disability benefits ("STD"). 3M is the Plan Administrator.

5. 3M is also a Plan Fiduciary as that term is defined by ERISA.

6. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan, 3M, and Sedgwick have caused events to occur in Arizona out of which Noyce's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

9. The Plan's STD benefits are paid for and administered by Sedgwick.

10. For the Plan's STD benefits, Sedgwick is the Claim Administrator and is a Plan Fiduciary as defined by ERISA.

11. 3M self-funds the STD benefits of its Plan.

## GENERAL ALLEGATIONS

12. 3M provided certain employees with STD benefits pursuant to the Plan.

13. Under the terms of the STD benefit, Noyce is entitled to benefits if she is unable to perform the duties of her regular and customary occupation at 3M, or any other appropriate job offered by 3M, due to an illness, injury, pregnancy, or other medical condition.

14. The Plan further states that "Objective Medical Evidence" must be provided in order to be eligible for STD benefits. The Plan defines objective medical evidence as "medical demonstration of anatomical, physiological, or psychological abnormalities manifested by signs or laboratory findings, apart from an employee's perception of his or her own mental or physical impairments. These signs are observed through medically acceptable clinical techniques such as medical history and physical examination."

15. At all relevant times, Noyce was a 3M employee, became a covered individual under the Plan, and remained continuously employed. Noyce's job title was Conversion Analyst in 3M's Motor Vehicle Systems and Services division.

16. The material and substantial duties of Noyce's occupation that she is and remains unable to perform, include, but are not limited to:

- Requirement to sit for long periods of time communicating with co-workers and management, utilizing a computer to perform data entry, analysis and conversion, and performing in a leadership role;
- Requirement to perform quality assurance and functional testing;
- Requirement to travel up to 50% of the time;
- Requirement to meet with clients to resolve issues or gather information;
- Ability to prepare reports, software implementation, and all other duties that require concentration, attention to detail, and focus; and
- Ability to work a regular, 40-hour work week;

17. Noyce requested a copy of the Summary Plan Description and Plan Document; however neither document has been received from 3M or Sedgwick.

18. Noyce suffers from numerous serious medical issues. In October 2012, Noyce originally took leave due to severe gastrointestinal issues including symptoms of vomiting, nausea and digestive disorders as well as dizziness, chronic fatigue, fibromyalgia, chronic debilitating cluster headaches and migraines, vertigo and depression. Noyce's symptoms have not improved and have only gotten worse.

19. Noyce now has a diagnosis of optic neuritis which is symptomatic of an autoimmune disorder which could take years to definitively diagnose due to symptomology common with other autoimmune disorders such as MS and Lupus.

20. Noyce continues to be disabled from performing the duties of her regular and customary occupation and 3M has not offered any appropriate job that can accommodate her level of disability. Sedgwick acknowledges that one major aspect of her job as Conversion

Analyst that she cannot perform is travel, which accounts for 50% of her job duties. The travel requirement could only be accommodated for a short time, as it is an essential duty of this position.

21. Noyce suffers from sleep apnea and sleep disorders which contribute to her level of impairment.

22. Collectively, her medical problems render her unable to perform the material and substantial duties of her occupation.

23. Noyce qualified for and received STD benefits from September 19, 2011 through December 10, 2011.

24. Sedgwick terminated Noyce's short-term disability benefits effective December 10, 2011.

25. The Plan pays short-term disability benefits beginning 15 days after continuous illness for a period of six months, at which time she would be reviewed for eligibility for long-term disability benefits.

26. Noyce is entitled to 60% of her predisability earnings per month in short-term disability benefits from December 10, 2011 through March 2012 under the terms of the Plan and Policy. At the time of Noyce's disability she was earning approximately $65,000 annually.

27. Noyce is entitled to submit a claim for long-term disability benefits as she remains totally and permanent disabled.

28. Noyce provided proof of her continuing disability as a result of chronic migraine and cluster headaches, fibromyalgia, chronic fatigue syndrome, and depression. In addition, Noyce provided Sedgwick with completed claim forms signed by her primary physician, Dr. Sameshima as well as medical records from her primary care physician and other treating physicians that outlined the multiple conditions that render her disabled.

29. Noyce submitted her timely appeal of Sedgwick's and 3M's decision to terminate her short-term disability benefits by letter dated June 11, 2012.

30. Sedgwick denied Noyce's appeal on July 18, 2012.

31. Noyce is entitled to an additional 98 days of short-term disability benefits from December 11, 2011 through March 19, 2012.

32. Noyce continues to be totally disabled as defined by the Plan.

33. Noyce is entitled to apply for and receive long-term disability benefits.

34. Noyce has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

35. Noyce incorporates and realleges all previous allegations.

36. The Plan contains some language purporting to grant 3M discretion and to give 3M the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Noyce is entitled to de novo review.

37. Noyce became disabled in September 2011, she continues to be disabled, and is unable to perform the material duties of her regular and customary occupation at 3M and 3M has failed to offer an appropriate job position for which she is qualified and which accommodates her limitations.

38. Despite the coverage of Noyce's short-term disability, Sedgwick suspended payments to Noyce as of December 10, 2011 in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

39. The Plan is self-funded by 3M and operates under a conflict of interest.

40. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Noyce is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.  Noyce is further entitled, under the terms of ERISA, 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the Plan.

41. Due to Sedgwick's violation of the Plan's requirements Noyce is due short-term disability benefits for an additional 98 days from December 11, 2011 through March 19, 2012 and is further entitled to apply for long-term disability benefits as she continues to be totally disabled.

42. Pursuant to 29 U.S.C. § 1132(g), Noyce is entitled to recover her attorneys' fees and costs incurred herein from 3M and the Plan.

43. Noyce is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Noyce prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Noyce under the terms of the Plan;

B. Clarifying and determining Noyce's rights to file for and receive long-term disability benefits under the terms of the Plan;

C. For an award of Noyce's attorneys' fees and costs incurred herein;

D. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

E. For such other and further relief as the Court deems just and reasonable.

Dated this 18th day of July 2013.

THE COUNTERS FIRM, P.C

By: /s/ Lisa J. Counters
Lisa J. Counters

-7-

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 18, 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

By:   /s/ Melissa A. Gutierrez